```
              UNITED STATES BANKRUPTCY COURT
            MIDDLE DISTRICT OF NORTH CAROLINA
                     GREENSBORO DIVISION
```

```
IN RE:                          )
                                )
Daniel Charles Longenecker,     )   Case No. 05-10492-7G
                                )
          Debtor.               )
                                )
_____)
                                )
Mary Angela Spell,              )
                                )
          Plaintiff,            )
                                )
vs.                             )   Adversary No. 05-2035
                                )
Daniel Charles Longenecker,     )
                                )
          Defendant.            )
                                )
```

<u>MEMORANDUM OPINION</u>

This adversary proceeding came before the court on March 28, 2006, for hearing on the plaintiff's motion for summary judgment. Phyllis Lile-King appeared on behalf of the plaintiff and Gail C. Arneke appeared on behalf of the defendant. For the reasons that follow the court has concluded that the motion should be denied.

This is a dischargeability proceeding that was brought pursuant to section 523(a)(6) of the Bankruptcy Code. The plaintiff's claim is based upon a judgment against the defendant that was entered in the Superior Court of Guilford County on August 21, 2003, in which the plaintiff was awarded punitive damages of $100,000.00. The plaintiff contends that such damages fall with the discharge exception contained in section 523(a)(6) which excepts from discharge an indebtedness resulting from a "willful and malicious"

injury by the debtor. The plaintiff asserts that she is entitled to summary judgment under the doctrine of collateral estoppel because the essential elements of section 523(a)(6) were decided in the state court action when the jury awarded punitive damages of $100,000.00.

In order to determine whether the jury, in awarding the punitive damages, found "willful and malicious" injury, the court must examine the instructions that the jury was given. See In re Rownd, 210 B.R. 973, 977 (Bankr. E.D.N.C. 1997)(court examined jury instructions to see if award of punitive damages by jury constituted a finding of willful and malicious injury); In re Krauthemeimer, 210 B.R. 37, 53 (Bankr. S.D.N.Y. 1997)(court examined jury instructions to see if jury verdict finding tortious interference with contract constituted a finding of willful and malicious injury); In re Martin, 130 B.R. 930, 943 (Bankr. N.D. Ill. 1991)("the jury instructions and findings presented here are of sufficient detail to enable this Court to discern the basis upon which the judgment of intentional misrepresentation was rendered.").

The record before the court reflects that instructions in the state court addressed the punitive damages issue as follows: "The first thing the plaintiff must prove, by clear and convincing evidence, is the existence of willful & wanton conduct on behalf of the Defendant." The jury instructions then defined "willful & wanton conduct" as "the conscious and intentional disregard of or indifference to the rights and safety of others which the defendant

knows or should know is reasonably likely to result in injury, damage, or other harm. Willful or wanton conduct means more than gross negligence." The state court judge concluded the instructions regarding punitive damages by telling the jury: "The second thing the Plaintiff must prove is that the willful and wanton conduct must be related to the Plaintiff's injury" and "that the Defendant participated in the willful or wanton conduct".

The recent decision of the United States Court of Appeals for the Fourth Circuit in <u>Duncan v. Duncan (In re Duncan)</u>, 448 F.3d 725 (4th Cir. 2006), makes it clear that the foregoing instructions are insufficient to support the application of collateral estoppel in this proceeding. The <u>Duncan</u> case involved a dischargeability proceeding brought under section 523(a)(6) in which the plaintiff sought summary judgment based upon a jury verdict and judgment in a state court wrongful death proceeding. The plaintiff in the dischargeability proceeding moved for summary judgment, asserting that the state court judgment collaterally estopped relitigation of the issue of whether the death of the plaintiff's child was caused by "willful and malicious injury" by the debtor as required under section 523(a)(6). The Court of Appeals held that summary judgment could not be granted on the basis of collateral estoppel and reversed the lower court.

The court first noted that state court judgments may collaterally estop the litigation of issues in adversary proceedings. <u>Id.</u> at 728. In deciding whether a state court

judgment has preclusive effect, the court stated that the law of the state in which the state court action was litigated is controlling, which in the Duncan case was Virginia law.  Id. at 728.  Under Virginia law, as well as under North Carolina law[1], in order to have collateral estoppel, one of the requirements is that the issue to be precluded must have been actually litigated in and necessary to the state court judgment.  The court in Duncan then compared the controlling issue under section 523(a)(6) with the issue that was actually litigated in the state court and, because the issue actually litigated in the state court was different from the issue required under section 523(a)(6), concluded that summary judgment was not appropriate for either party to the adversary proceeding. Quoting from the decision of the Supreme Court in Kawaauhau v. Geiger, 523 U.S. 57 (1998), the court observed that section 523(a)(6) "applies only to 'acts done with the actual intent to cause injury'" and "is not satisfied by negligent, grossly negligent or reckless conduct."  448 F.3d at 729 (emphasis by the court). Again quoting from Geiger, the court further observed that "'nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury.'"  Id. (emphasis by the court).

In Duncan the instructions that were given to the state court jury regarding wrongful death described willful and wanton conduct

---

[1]See King v. Grindstaff, 284 N.C. 348, 200 S.E.2d 799 (1973).

as consisting of conduct that was in conscious disregard of the decedent or conduct that exhibited reckless indifference to the consequences to the decedent. In holding that these instructions were insufficient to establish the requirements of section 523(a)(6), the court stated:

> Both of these categories set a lower bar for a finding of "willful and wanton conduct" than § 523(a)(6) sets for a "willful and malicious injury" because neither required the Estate to prove that Jacqueline Duncan intended to injure Meigan. Therefore, the wrongful death judgment did not involve an identical issue to the controlling issue here and does not support entry of summary judgment in favor of either party based upon collateral estoppel.

448 F.3d at 729-30.

The court then considered whether the instructions regarding punitive damages were sufficient to satisfy the requirements under section 523(a)(6). These instructions permitted the jury to award punitive damages if the debtor's conduct "was willful . . . or was so reckless as to evince a conscious disregard for the safety of [the decedent]. . . ." The court noted that under these instructions the jury could have found the debtor was liable for either willful conduct or reckless conduct without the court having any way of knowing which of the two standards were employed by the jury. In concluding that this circumstance created a gap which prevented the application of collateral estoppel, the court stated:

> It is this gap in the record that renders summary judgment based on collateral estoppel inappropriate. One of the two standards in the punitive damages instructions- recklessness-is

>satisfied by conduct that is inadequate for purposes of § 523(a)(6). . . . Even if we were to assume that the willful conduct portion of the punitive damages instruction is synonymous with a "willful and malicious injury" under § 523(a)(6), nothing before us suggests that the jury made its determination on that basis. We cannot say that the punitive damages award necessarily involved a finding identical to the § 523(a)(6) inquiry since the jury could have based its award on a finding of recklessness. Both because such a possibility exists and because Virginia law requires an identity of issues for collateral estoppel to apply, we cannot conclude that the question of whether Meigan's death was a "willful and malicious injury" was litigated in and necessary to the award of punitive damages.

448 F.3d at 730.

The jury instructions in the present case leave the same type of "gap" in the record which prevented the application of collateral estoppel in the Duncan case. While the instructions regarding the punitive damages at issue required the jury to find "willful and wanton conduct", the manner in which such conduct was defined in the instructions was insufficient for purposes of section 523(a)(6). The instructions defined "willful and wanton conduct" as "the conscious and intentional disregard of or indifference to the rights and safety of others which the defendant knows or should know is reasonably likely to result in injury, damage, or other harm." These instructions do not require that the defendant intended to cause injury or even that the defendant know that his conduct is

substantially certain to cause injury.[2] Instead, the instructions permit a verdict in favor of the plaintiff if the defendant knows <u>or should know</u> that his conduct is <u>reasonably likely</u> to cause injury. Such instructions obviously fall short of requiring acts done with the actual intent to cause injury, which is the standard that the court in <u>Duncan</u> gleaned from the Supreme Court's decision in <u>Geiger</u>. In the words of the court in <u>Duncan</u>, the instructions in the present case "set a lower bar" for finding "willful and wanton conduct" than section 523(a)(6) sets for a "willful and malicious injury." Consequently, as was the case in <u>Duncan</u>, this court cannot conclude that the question of whether the punitive damages awarded to the plaintiff resulted from a "willful and malicious injury" was litigated in and necessary to the award of such damages. It follows that collateral estoppel is not applicable in this proceeding and the plaintiff's motion for summary judgment must be denied. An order so providing is being entered contemporaneously with the filing of this memorandum opinion.

This 7th day of July, 2006.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

---

[2] A number of decisions decided since the <u>Geiger</u> case have concluded that the test for willfulness under section 523(a)(6) is satisfied by an intentional act that is "substantially certain" to cause injury. <u>See</u> <u>In re Markowitz</u>, 190 F.3d 455, 464 (6th Cir. 1999); <u>In re Miller</u>, 156 F.3d 598, 603 (5th Cir. 1998).

PARTIES IN INTEREST

Phyllis Lile-King
208 W. Wendover Avenue
Greensboro, NC 27401

Gail C. Arneke
301 N. Main Street
Suite 2455
Winston-Salem, NC 27101

Charles M. Ivey, III, Trusteee

Michael D. West, Bankruptcy Administrator