```
                    UNITED STATES BANKRUPTCY COURT
                   MIDDLE DISTRICT OF NORTH CAROLINA
                          GREENSBORO DIVISION

IN RE:                          )
                                )
Daniel Charles Longenecker,     )    Case No. 05-10492
                                )
       Debtor.                  )
                                )
_____)
                                )
Mary Angela Spell,              )
                                )
       Plaintiff,               )
                                )
vs.                             )    Adversary No. 05-02035
                                )
Daniel Charles Longenecker,     )
                                )
       Defendant.               )
                                )
```

<u>MEMORANDUM OPINION</u>

This adversary proceeding came before the court on December 8, 2006, for trial. Phyllis Lile-King appeared on behalf of Mary Angela Spell ("Plaintiff") and Gail C. Arneke appeared on behalf of Daniel Charles Longenecker ("Defendant").

NATURE OF PROCEEDING

This is a dischargeability proceeding brought pursuant to section 523(a)(6) of the Bankruptcy Code. The indebtedness at issue arises from a judgment against Defendant that was entered in the Superior Court of Guilford County on August 21, 2003, in which Plaintiff was awarded punitive damages of $100,000.00. Plaintiff alleges that the judgment represents an indebtedness for a willful and malicious injury, making it nondischargeable pursuant to section 523(a)(6).

## JURISDICTION

The court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1)(I) which this court may hear and determine.

## FACTS

Defendant was an instructor of nurse psychotherapy at the University of North Carolina in Greensboro and was engaged in private practice as a nurse psychotherapist. Plaintiff became his patient in March of 1996 and remained a patient for the next four years.

On July 25, 2001, Plaintiff filed a complaint in the Superior Court of Guilford County alleging claims for negligence, infliction of extreme emotional distress, and sexual exploitation.[1] Following a seven-day trial, the jury returned a verdict for the Plaintiff. The jury found for Plaintiff on the negligence and sexual exploitation claims, awarding her $16,000.00 in compensatory damages for negligence and $60,000.00 in compensatory damages for sexual exploitation. In addition to the compensatory damages, the

---

[1] Sexual exploitation is defined in N.C. Gen. Stat. § 90-21.41(4). N.C. Gen. Stat. § 90-21.43 provides that a person found to have been sexually exploited may recover actual damages from the psychotherapist as well as punitive damages in accordance with the provisions of Chapter 1D of the General Statutes.

jury found that Defendant's conduct warranted punitive damages and awarded Plaintiff punitive damages of $100,000.00. The Defendant's insurance carrier settled with the Plaintiff regarding the amounts awarded as compensatory damages, but left the punitive damages award unpaid.

## DISCUSSION

Section 523(a)(6) excepts from discharge any debt for willful and malicious injury by the debtor to another entity or to the property of another entity. "Willful and malicious are two distinct requirements that [the plaintiff] must prove by the preponderance of the evidence before the § 523(a)(6) exception to the discharge applies." In re Scarborough, 171 F.3d 638, 641 (8th Cir. 1999). The absence of either of these elements means that the debt is dischargeable. In re Markowitz, 190 F.3d 455, 463 (6th Cir. 1999).

The Plaintiff contends in this proceeding that she was sexually exploited by the Defendant and that in doing so, the Defendant willfully and maliciously injured her. The Plaintiff argues that the doctrine of collateral estoppel, when coupled with the Defendant's testimony at the trial, established that the sexual exploitation involved a willful and malicious injury by the Defendant and that the $100,000.00 punitive damages that were awarded to her therefore should be declared nondischargeable. The court agrees with the Plaintiff.

It is well established that collateral estoppel applies in bankruptcy proceedings. <u>Grogan v. Garner</u>, 498 U.S. 279, 285 (1991). Collateral estoppel, which is sometimes referred to as issue preclusion, treats as final and binding issues that were actually and necessarily decided in a prior suit. <u>Brown v. Felson</u>, 442 U.S. 127 (1979). When a bankruptcy court is determining what issues are subject to collateral estoppel under a prior state court judgment, it must apply the law of the state where the judgment was rendered. <u>See</u> <u>In re Heckert</u>, 272 F.3d 253, 257 (4th Cir. 2001). In this case, the judgment was rendered in North Carolina. For an issue to be subject to collateral estoppel in North Carolina, the following requirements must be met:

> (1) The issues to be concluded must be the same as those involved in the prior action; (2) in the prior action, the issues must have been raised and actually litigated; (3) the issues must have been material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment.

<u>King v. Grindstaff</u>, 200 S.E.2d 799, 806 (N.C. 1973).

In determining the extent to which collateral estoppel is applicable, it is necessary to examine the prior judgment. Here, the prior judgment incorporated the seven issues that comprised the jury verdict. The seven issues and the jury's answers are:

> (1) Was the plaintiff, Angela Spell, injured by the negligence of the defendant, Daniel Longenecker?

- 4 -

ANSWER: Yes

(2) Did the plaintiff, Angela Spell, suffer severe emotional distress as a proximate result of the negligence of the defendant, Daniel Longenecker?

ANSWER: No

(3) What amount is the plaintiff, Angela Spell, entitled to recover for personal injury?

ANSWER: $16,000.00

(4) Did the defendant, Daniel Longenecker, sexually exploit the plaintiff, Angela Spell, while serving as her psychotherapist?

ANSWER: Yes

(5) What amount is the plaintiff, Angela Spell, entitled to recover for sexual exploitation?

ANSWER: $60,000.00

(6) Is the defendant, Daniel Longenecker, liable to the plaintiff, Angela Spell, for punitive damages?

ANSWER: Yes

(7) What amount of punitive damages, if any, does the jury in its discretion award to the plaintiff, Angela Spell?

ANSWER: $100,000.00

The findings relied upon by the Plaintiff in establishing a willful and malicious injury are the answers to the fourth and fifth issues in which the jury found that the Plaintiff was injured when the Defendant sexually exploited the Plaintiff while serving as her psychotherapist. These are the same issues raised by the

Plaintiff in this proceeding. Clearly, the issue of sexual exploitation was raised and actually litigated in the prior action and was material and relevant to the disposition of the prior action, as well as necessary and essential to the resulting judgment. As a result, the Defendant is bound by the findings that were made by the jury in answering the sexual exploitation issue in favor of the Plaintiff.

In order to determine what findings were made by the jury in rendering its verdict, it is necessary to examine the jury instructions. <u>See</u>, <u>e.g.</u>, <u>In re Rownd</u>, 210 B.R. 973, 977 (Bankr. E.D.N.C. 1997); <u>In re Krauthemeimer</u>, 210 B.R. 37, 53 (Bankr. S.D.N.Y. 1997); <u>In re Martin</u>, 130 B.R. 930, 943 (Bankr. N.D. Ill. 1991).

The jury instructions defined sexual exploitation as:

> [S]exual intercourse or any intrusion, however slight, into the oral, genital, or anal openings of the client's body by any part of the psychotherapist's body or by any object used by the psychotherapist for purpose of sexual stimulation or gratification of either the psychotherapist or the client. A kissing or the intentional touching by the psychotherapist of a client's lips, genital area, groin, inner thigh, buttocks, or breasts, or the clothing covering any of these body parts, for the purpose of sexual stimulation or gratification of either the psychotherapist or the client, or any act done or statement made by the psychotherapist for the purpose of sexual stimulation or gratification of the client or the psychotherapist, which would include any of the following actions:(a) the psychotherapist relating to the client the psychotherapist's

> own sexual fantasies or the details of the psychotherapist's own sexual life; (b) the uncovering or displaying of genitals of the psychotherapist to the client; or (c) statements containing sexual innuendo, sexual threats, or sexual suggestions regarding the relationship between the psychotherapist and the client.

It is clear from the instructions that in order to find that the Defendant sexually exploited the Plaintiff, the jury had to find that the Defendant did at least one of the following: (1) had sexual intercourse with Plaintiff; (2) kissed Plaintiff's lips, genital area, groin, inner thigh, buttocks, or breasts, or the clothing covering any of these body parts, for the purpose of sexual stimulation or gratification; (3) intentionally touched Plaintiff's lips, genital area, groin, inner thigh, buttocks, or breasts, or the clothing covering any of these body parts, for the purpose of sexual stimulation or gratification; (4) committed any act, including the uncovering or displaying of genitals of the psychotherapist to the client, for the purpose of sexual stimulation or gratification of the client or the psychotherapist; or (5) any statement made by the psychotherapist, including the psychotherapist relating to the client the psychotherapist's own sexual life or statements containing sexual innuendo, sexual threats, or sexual suggestions regarding the relationship between the psychotherapist and the client, for the purpose of sexual stimulation or gratification of the client or the psychotherapist. The affirmative answer to this issue, together with the answer to

the fifth issue, reflects that the jury found that there was sexual exploitation by the Defendant (i.e., that the defendant committed at least one of the acts described in the instructions) and that the Plaintiff was injured thereby.

The effect of collateral estoppel is to establish in this proceeding that Defendant engaged in at least one act of wrongful conduct detailed in the jury instructions. The wrongful conduct constituting sexual exploitation does not happen by accident. Sexual exploitation is an intentional tort involving willful acts or communications on the part of the psychotherapist which are intended. Even though collateral estoppel operated to establish an intentional act that led to injury, it fell short of establishing a "willful injury" as required under section 523(a)(6).

In Kawaauhau v. Geiger, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), the Supreme Court dealt with the scope of "willful" injury as used in section 523(a)(6). The Court held that reckless or negligent conduct does not give rise to a "willful injury" and is not sufficient to render indebtedness nondischargeable under § 523(a)(6). The Court observed that the word "willful" in section 523(a)(6) modifies the word "injury," indicating that a deliberate or intentional injury is required and not merely a deliberate or intentional act that leads to injury.

While making it clear that a debtor must intend the injury, the Court in Kawaauhau did not specify the exact mental state necessary to rise to the level of "willful" that is required under section

523(a)(6).  Wrobel v. Conner (In re Connor), 302 B.R. 509, 514 (Bankr. W.D. Pa. 2003).  As a result, courts have taken both an objective and subjective approach to the inquiry.  Gershman v. Peterson (In re Peterson), 332 B.R. 678, 682 (Bankr. D. Del. 2005). Under the subjective approach, an injury is willful if the debtor caused harm through a deliberate act with the belief that there was a substantial certainty of injury.  Id.  On the other hand, under the objective approach, an injury is willful if the debtor caused harm through a deliberate action with an objective substantial certainty of injury.  Id. at 683.  The Plaintiff offered additional evidence in the present proceeding that supplemented the findings established by collateral estoppel sufficiently to establish "willful injury" under either approach.

The additional evidence that tipped the scales in favor of the Plaintiff was the testimony of the Defendant when he was called as an adverse witness by the Plaintiff.  The Defendant was examined regarding a number of the acts that the plaintiff had described in the testimony she gave at the state court trial in support of her claim for sexual exploitation.  Those acts included the Defendant having the Plaintiff sit in his lap while putting binder clips on her fingers, having Plaintiff pinch and twist her nipples while sitting on his lap, having sexual intercourse with Plaintiff, having Plaintiff assume sexual positions while she was naked, beating Plaintiff's naked posterior until blood blisters developed and removing his clothes in Plaintiff's presence.  Defendant was

asked whether at the time he was treating the Plaintiff he was aware that these acts were wrongful and certain to cause harm to a patient if committed by a psychotherapist. While denying that he engaged in any of the conduct, the Defendant readily admitted that the acts were wrongful and certain to cause harm to the patient if committed by the patient's psychotherapist and that he knew this at the time he was treating the Plaintiff. He also testified that there would be no justification for a psychotherapist to engage in any of the acts, and that he had always known that was the case. While the questions directed to the Defendant were not phrased in the exact wording of the jury instructions, the acts and conduct described in the questions certainly exemplify and is fairly representative of the conduct that was described in the jury instructions as constituting sexual exploitation. The court finds that it is a reasonable inference that if the Defendant knew at the time he was treating the Plaintiff that the acts that he was questioned about were certain to cause harm to a patient, that he also would have known that the similar conduct which was described in the jury instructions likewise was certain to cause harm to a patient who was subjected to such behavior by a psychotherapist. The court further finds that this inference is sufficient to constitute proof by a preponderance of the evidence that while the Plaintiff was under his care, the Defendant knew that the type of conduct described in the jury instructions was certain to cause

harm to a patient who was subjected to such conduct. The binding effect of the state court judgment establishes in this proceeding that the Defendant committed at least one of the wrongful acts described in the jury instructions regarding sexual exploitation. The Defendant's testimony established that he knew that all of the acts described in those instructions were wrongful and certain to injure the patient. Engaging in intentional conduct that a debtor knows is certain to cause injury amounts to a "willful injury" for purposes of section 523(a)(6), which satisfies the first requirement under that provision.

The second requirement under section 523(a)(6) is that the injury be malicious. Although the inclusion of "malicious" injury in the text of section 523(a)(6) incorporates "malice" into the section 523(a)(6) equation, "malice" does not mean the same thing for dischargeability purposes under section 523(a)(6) as it does outside the bankruptcy context. In bankruptcy, a debtor may act with malice without bearing any subjective ill will toward the creditor or any specific intent to injure the creditor. See In re Stanley, 66 F.3d 664, 667 (4th Cir. 1995). An act done deliberately and intentionally in knowing disregard of the rights of another and without just cause or excuse, satisfies the requirement of malice under section 523(a)(6). See id. Collateral estoppel in tandem with Defendant's testimony established this requirement, as well, since the Defendant's testimony was

sufficient to show that there would be no justification for a psychotherapist to engage in the type of conduct described in the jury instructions and that to do so would be in knowing disregard of the rights of the patient.

## CONCLUSION

The Plaintiff has proven by a preponderance of the evidence that the punitive damages award in the state court constitutes a "debt for willful and malicious injury by the debtor." Therefore, the $100,000.00 due under the state court judgment is excepted from discharge pursuant to section 523(a)(6). An order so providing is being entered contemporaneously with the filing of this memorandum opinion.

This 26th day of February, 2007.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES TO BE SERVED

05-2035     Mary Angela Spell vs. Daniel Charles Longnecker

Phyllis Lile-King
Ward Black, P.A.
208 W. Wendover Ave.
Greensboro, NC 27401

Gail C. Arneke
Suite 2455 Winston Tower, 24th Floor
301 N. Main St.
Winston-Salem, NC 27101

Michael D. West
POB 1828
Greensboro, NC 27402